UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HUMBERTO RAMOS RAMIREZ (A-Number: 222-597-472),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-7535-TLN-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

In 2017, petitioner entered the United States without inspection. On August 2, 2026, ICE detained petitioner after a local arrest. Petitioner, appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention without a bond hearing violates due process. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner entered the United States without permission in January 2017. ECF No. 1 at 2. He has lived in the United States since that date. *Id.*; ECF No. 8 at 4. Petitioner is married and has two U.S. citizen children. ECF No. 1 at 2. His wife is pregnant with their third child. *Id.* Petitioner states that local police arrested him at his home and told him they needed to question him at a detention center. ECF No. 1 at 5. According to a deportation officer, on August 1, 2026,

petitioner was arrested for public intoxication and lewdness, both misdemeanors in violation of state law.[1] ECF No. 8 at 4.

ICE took petitioner into custody upon his release from the local jail on August 2, 2026. *Id.* ICE issued petitioner a notice to appear in immigration court, charging him with being an immigrant present without admission or parole. *Id.* at 7. There is no indication that ICE issued an arrest warrant when it detained petitioner. *See id*. ICE has detained petitioner since that date without a bond hearing. ECF No. 1 at 2.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that his detention without a bond hearing violates the law.[2] ECF No. 1 at

---

[1] Respondent has not provided the court with any criminal history records or a rap sheet. *See* ECF No. 8.

[2] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

Petitioner has moved for the appointment of counsel. *See* ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

12. Respondent states that ICE detained petitioner under 8 U.S.C. § 1225(b)(2)(A), which allows for mandatory detention without a bond hearing. ECF No. 8. Respondent recognizes that the Court of Appeals, in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), has rejected this position. *Id.*

In *Rodriguez Vazquez*, the Court of Appeals held that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), applies to noncitizens who entered without inspection and are detained by ICE in the interior of the United States. *Rodriguez Vazquez*, 183 F.4th at 1165.[3] "Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an [immigration judge] at any time before a removal order becomes final." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

Petitioner was arrested inside the United States after living here since January 2017. Respondent concedes that petitioner's detention falls under *Rodriguez Vazquez.* ECF No. 8. In other words, while the government continues to argue that section 1225(b)(2)(A) applies to petitioner, it recognizes that binding authority does not support this position. Accordingly, I find that petitioner's detention is governed by section 1226 and not, as respondent advances, by section 1225.

Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 13. Respondent indicates petitioner is "entitled to seek a custody redetermination hearing before an immigration judge." ECF No. 8. Respondent does not explain how petitioner—whom ICE detained under section 1225(b), which does not permit a bond hearing—is nonetheless "entitled" to request such a hearing.[4]

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v.*

---

[3] Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41.

[4] In *Matter of Yajure Hurtado*, the BIA held that immigration judges lack jurisdiction to hear a request for bond where the noncitizen is detained under section 1225(b)(2)(A). 29 I. & N. Dec. at 228-29. As noted, respondent asserts that petitioner is detained under this section. ECF No. 8. Respondent offers no assurances that, if petitioner requested a bond hearing, an immigration judge would have the authority to provide him one. *See id.*

*Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Moreover, where the government has erroneously applied section 1225(b) to a petitioner, courts have ordered immediate release. *See, e.g.*, *Morillo v. Albarran*, No. 1:25-cv-1533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025); *Cortes Cortes v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-6609-DC-JDP, 2026 WL 2494984, at * 3 (E.D. Cal. Aug. 25, 2026); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-5661-DAD-SCR, 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026). In *Feng v. Lyons*, the court held that a delay "in providing the statutorily mandated bond hearing violates [a petitioner's] due process rights" and found that the "[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right." No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (citations omitted).

Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's detention without a bond hearing. *See Munaf*, 553 U.S. at 693. Petitioner's due process rights have been violated such that the provision of a bond hearing is constitutionally insufficient. *See Feng*, 2026 WL 472635, at *1. Petitioner has been living in the United States for nine years. While an immigration officer wrote in petitioner's Form I-213 that petitioner was arrested by local police for lewdness and public intoxication, respondent does not attach any arrest report, rap sheet, or criminal history document that would provide corroborating information regarding that arrest. ECF No. 8 at 4. Respondent does not argue that petitioner is a danger to the community or a flight risk. *See id.* at 1.

Accordingly, I recommend that petitioner be immediately released.

**Conclusion**

Accordingly, petitioner's motion to appoint counsel, ECF No. 3, is hereby DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.
2. Respondent be ordered to immediately release petitioner (A-Number: 222-597-472)

from its custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE